JERRY D. MCCORMACK, District Attorney Langlade County
You request my opinion whether the County Treasurer, in publishing legal notices for redemption of tax delinquent lands under sec. 75.07 (1), Stats., is authorized to omit the names of the persons to whom such lands are assessed, if any.
I am of the opinion that he is not.
Section 75.07 (1), Stats., provides in material part:
 "(1) Each county treasurer shall, at least 6 and not more than 10 months before the expiration of the time limited for redeeming lands sold as aforesaid, cause to be published as a class 2 notice, under ch. 985, in the county in which the lands are located, a list of all unredeemed lands, specifying each tract or lot, the name of the person to whom assessed, if any, and the amount of taxes, charges and interest, calculated to the last day of redemption, due on each parcel, together with a notice that unless such lands are redeemed on or before the day limited therefor, specifying the same, they will be conveyed to the purchaser. The county treasurer, for the purpose of such list, may condense such descriptions when such condensed description will reasonably describe the premises." (Emphasis added.)
I am of the opinion that the condensed description permitted under the last sentence of the subsection refers to the legal description of the premises, i.e., the track or lot, and would not permit the County Treasurer to omit the name of the person to whom last assessed.
The purpose of the notice is to advise the owner, and any other persons who may be interested in the property, that real estate which *Page 119 
is tax delinquent will be conveyed to the tax sale purchaser unless redeemed on or before the day limited therefor. Whereas an owner may not be expected to recognize the legal description of all the parcels of property in which he has an interest, most owners are capable of readily recognizing their own names. Use of the name would enable other persons to alert the owner and would offer other advantages in aid of collection of the taxes and charges due.
On this day, I have issued an opinion, addressed to District Attorney Chase, Ashland County, to the effect that, since the name publication requirement of sec. 75.07 (1), Stats., is directory rather than mandatory, the failure to publish the name of the delinquent record owner did not, on that account only, invalidate a subsequent tax deed on the property involved. However, the directory nature of the legislative provision does not permit the County Treasurer to ignore the direction of sec.75.07 (1), Stats. Indeed, the doubts raised concerning the Ashland tax deed demonstrate the desirability of complying with the name publication requirement.
RWW:RJV